## BERKE *v.* MURPHY.

GARNISHMENT—RECORDED ASSIGNMENT OF JUDGMENT—NOTICE TO DEFENDANT—INTERPLEADED DEFENDANT'S BURDEN OF PROOF.

In garnishment proceedings in which principal defendant's wife claimed a judgment garnisheed and was interpleaded as garnishee defendant, trial court's finding that her claim of assignment from husband for a valuable consideration was merely a colorable transaction insufficient to sustain her burden of showing right to the fund *held,* supported by record showing that although assignment was made and recorded, no notice was given judgment debtor and there is no statutory provision for recording notice of assignment, husband thereafter secured partial payment, obtained an execution in his own name and filed bill in aid of execution in his own name.

Appeal from Wayne; Maher (John J.), J., presiding. Submitted April 13, 1937. (Docket No. 60, Calendar No. 39,411.) Decided May 21, 1937. Rehearing denied June 29, 1937.

Garnishment proceedings by Nathan R. Berke against George B. Murphy, principal defendant, and

Mary L. Harris, garnishee defendant. Della R. Murphy interpleaded as garnishee defendant. Judgment for plaintiff. Interpleaded garnishee defendant appeals. Affirmed.

*Cashan P. Head,* for plaintiff.

*George B. Murphy,* for interpleaded garnishee defendant.

POTTER, J. May 27, 1936, plaintiff sued defendant George B. Murphy and garnisheed Mary L. Harris. Garnishee defendant on June 18, 1936, disclosed the principal defendant had obtained a judgment against her May 1, 1934, for $7,500, and $7 costs, which was still unsatisfied except a payment of $250. Della R. Murphy, wife of the principal defendant, was permitted to intervene as claimant to the judgment above mentioned. She asserted ownership of the Harris judgment by virtue of an assignment to her from her husband, dated May 5, 1934, which assignment was put on record in the cause of George B. Murphy, plaintiff, v. Mary L. Harris, defendant, June 9, 1934. The statutory issue was framed July 7, 1936. The principal case resulted in a verdict for plaintiff against defendant in the sum of $5,183.24, on which verdict judgment was entered. The garnishment issue was then brought on for trial November 27, 1936, before the same judge, without a jury, and testimony taken. Judgment was entered reciting the recovery of the judgment for the principal defendant and that it appeared from the disclosure the garnishee defendant, Mary L. Harris, was indebted to the principal defendant in the sum of $7,250. Thereupon judgment was entered against the garnishee defendant in favor of plaintiff for the amount of his judgment, $5,183.24, together with

costs, and from that judgment interpleaded garnishee defendant appeals.

Principal defendant, George B. Murphy, claims he assigned this judgment to his wife, Della R. Murphy, and about that there is no question. The trial court found that Mrs. Murphy paid to her husband $1,600; that in consideration of such payment of $1,600, her husband assigned to her the judgment and recorded the assignment; that no notice of this assignment was had by the garnishee defendant, Mrs. Harris; that the garnishee defendant, Mary L. Harris, made two payments, one of $150 and another of $100, to George B. Murphy on the judgment; that on September 17, 1934, the principal defendant, George B. Murphy, obtained an execution in his own name, which execution was returned unsatisfied and that he in his own name filed a bill in aid of execution as sole claimant to the Harris judgment, Floyd M. Boster appearing as his attorney.

The trial court held the burden of proof was upon the intervening claimant to support her claim to the moneys due from Mary L. Harris; that she had not sustained that burden; and entered the judgment appealed from, holding in effect the assignment constituted a colorable transaction only, there being no statutory provision for recording the notice of the assignment and no actual notice given to the judgment debtor. There was testimony to support the judgment.

Affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.